48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 SUPERIOR CONSULTANT COMPANY, INCORPORATED, Plaintiff-Appellee,
v.
Michael F. WALLING, Defendant-Appellant.
 No. 94-1397.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1995.
 
 Before: KEITH, WELLFORD and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This action was originally brought in Michigan state court and was later removed to federal court on the basis of diversity jurisdiction. This plaintiff, Superior Consultant Company, sued its former employee, Michael Walling, in an attempt to enforce a six-month non-compete covenant signed by Walling as part of an employment contract he had negotiated with the plaintiff. In the district court, Superior Consultant sought an injunction barring Walling from "engaging in any health care information systems consulting for a period of six months from March 4, 1984 as an employee or independent contractor of or on behalf of any other entity." The complaint also sought money damages for breach of the non-compete covenant. The defendant argued in response that the covenant was unenforceable because it protected no reasonable competitive business interest.
 
 
 2
 The district court issued a permanent injunction as requested by the company but did not rule on the request for damages, and the defendant appealed. By the time the appeal reached this court, however, the six-month period covered by the injunction had expired and the matter appealed had, indisputably, become moot.
 
 
 3
 Citing United States v. Taylor, 8 F.3d 1074, 1077 (6th Cir.1993), the defendant asked us not only to dismiss the appeal as unreviewable but also to vacate the district court's order and, presumably, to dismiss the action altogether. In response, the plaintiff conceded that the propriety of the injunction was a moot question but contended that the matter of damages had yet to be determined and that the case should be remanded to the district court for a ruling on that issue.
 
 
 4
 We agree with the plaintiff's position on the necessity of a remand. We therefore DISMISS the appeal as moot and REMAND the matter to the district court for such other proceedings on the complaint as may be required.
 
 WELLFORD, Circuit Judge, concurring:
 
 5
 I fully concur that Walling's appeal of the expired injunctive order is moot. I write separately only to say a word about the proper disposition of this case. Because Walling filed a counterclaim in the district court, we are spared having to decide whether plaintiff's complaint stated a well pleaded claim for damages, a matter about which I have some doubt. In the case at bar, remand is needed, at the minimum, to resolve the pending counterclaim.